IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRANCE LAMAR KIMBROUGH,
    Plaintiff,

vs.                                                        Case No: 3:05cv252/RV/EMT

RON MCNESBY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's second amended complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 10).  Leave to proceed in forma pauperis has been granted (Doc. 4).

        Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car

Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997). Upon review of the complaint, this court concludes that dismissal of Plaintiff's claim is warranted.

Named as Defendants are Assistant Federal Public Defender (AFPD) Alice F. Harris, Assistant State Attorney John F. Simon, and Florida Circuit Judge Nicholas Geeker (Doc. 10 at 1-2). In support of his complaint, Plaintiff alleges the following facts. On October 15, 2004, he was arrested and charged with Aggravated Battery with Great Bodily Harm, Sexual Battery with Force Likely to Cause Serious Personal Injury, and False Imprisonment (*id.*, Statement of Facts). On May 18, 2005, Plaintiff appeared in court for the first time (*id.*).

Plaintiff alleges that AFPD Harris provided ineffective assistance of counsel for numerous reasons, including her failure to insist upon Plaintiff's appearance at all court proceedings, investigate the case, and keep Plaintiff informed (*id.*). In addition, Plaintiff alleges that AFPD Harris told Plaintiff that his case was too complicated for her (*id.*).

Plaintiff alleges that Judge Geeker denied his right to a speedy trial (*id.*). Next, Plaintiff alleges that Judge Geeker denied any relief regarding Plaintiff's claims of ineffective assistance of counsel without conducting a proper Nelson inquiry (*see* Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973) (holding that a motion to discharge counsel for incompetence requires that the Florida court inquire into the actual effectiveness of counsel)). At his appearance on May 18, Plaintiff asked, "No Nelson inquiry, I'm stuck with [AFPD Harris]?" (*id.*). Judge Geeker "angrily and loudly boomed 'Your [sic] stuck with her, that's right!'" (*id.*). Plaintiff alleges that by making this statement, Judge Geeker "definitely displayed partiality and prejudice" and "encouraged" the violation of Plaintiff's rights (*id.*). Additionally, Plaintiff alleges that Judge Geeker failed to handle the suppression hearing in an impartial manner because Judge Geeker failed to tell Plaintiff his reason for denying Plaintiff's motion to suppress, and he erroneously held the suppression hearing during trial and allowed the jury to decide the issue (*id.*). Finally, Plaintiff alleges that Judge Geeker violated several cannons governing judicial conduct (*id.*).

Regarding Assistant State Attorney John Simon, Plaintiff alleges only that Simon continued to prosecute him "knowing" that Judge Geeker and AFPD Harris had violated his rights (*id.*).

Plaintiff proceeded to trial on the charges and was convicted (*see id.*).  Plaintiff has also indicated that he is presently incarcerated and that he has filed no state or federal lawsuits, including habeas corpus petitions, related to the facts or issues involved in this action (*see* Doc. 10 at 2, 5-6).

Liberally construing Plaintiff's second amended complaint, Plaintiff alleges violations of his due process rights under the Fourteenth Amendment, including ineffective assistance of counsel, violation of his speedy trial rights, and malicious prosecution (*id.* at 8).  As relief, he states, "I really am not sure.  I was maliciously prosecuted and I am definitely scared and confused.  The Judge, my attorney, and prosecutor definitely baffled, intimidated, and abused their power" (*id.*).

As Plaintiff was previously advised (*see* Doc. 9), although he filed his complaint pursuant to 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus.  Based upon the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), dismissal of the instant action is warranted.  The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372.  Absent such an invalidation, the section 1983 suit must be dismissed.

Heck reaffirmed what the Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."  Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim.  Prather v. Norman, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982).  Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims are claims which challenge the validity of a conviction and/or sentence and are simply not cognizable under § 1983.  Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).  Similarly, to the extent Plaintiff seeks damages attributable to the fact that he was wrongly incarcerated, Heck would require dismissal of this action unless Plaintiff establishes that his sentence or conviction has been invalidated.

All of Plaintiff's claims challenge the validity of his conviction and sentence.  *See* <u>Bell v. Georgia</u>, 138 F.App'x 295 (11th Cir. 2005) (affirming dismissal of section 1983 ineffective assistance of counsel claim because state convictions had not been overturned); <u>Kroger v. Florida</u>, 130 F.App'x. 327, 333 (11th Cir. 2005)[1] (barring section 1983 claims for malicious prosecution and right to speedy trial before plaintiff's conviction was overturned, because a judgment in plaintiff's favor on either claim would "necessarily imply the invalidity of his conviction").  Thus, Plaintiff's constitutional claims are subject to dismissal unless Plaintiff alleges facts demonstrating that his underlying conviction or sentence has been invalidated.  It is clear from the face of the complaint that Plaintiff has not obtained any invalidation of his conviction.[2]  It is also clear that Plaintiff's claims challenge the validity of his conviction.  Therefore, this federal civil rights case should be dismissed without prejudice to its refiling in the event Plaintiff obtains such an invalidation through habeas corpus or another avenue.

Accordingly, it respectfully **RECOMMENDED**:

1.     That Plaintiff's claims be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.     That all pending motions be denied as moot.

At Pensacola, Florida, this <u>7th</u> day of September 2006.

<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]Although unpublished opinions are not binding on this district court, they may be considered persuasive authority.  *See* <u>Fishman & Tobin, Inc. v. Tropical Shipping & Const. Co., Ltd.</u>, 240 F.3d 956, 965 (11th Cir. 2001); <u>United States v. Futrell</u>, 209 F.3d 1286, 1289 (11th Cir. 2000); 11th Cir. R. 36-2.

[2]Plaintiff admits his case is pending on direct appeal (Doc. 10, Statement of Facts).  Additionally, the court notes that the docket sheet for Plaintiff's criminal case reflects that a notice of appeal was filed on August 2, 2005 (Case Number 2004 CF 004775 (Doc. 130)), and that the appeal is pending.